IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SAFECO INSURANCE COMPANY OF
AMERICA,

                Plaintiff,

v.                              CIVIL ACTION NO.  2:14-cv-25684

MICHAEL DALE UNDERWOOD, II, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**
**(Motion to Dismiss)**

       Pending before the court are Defendant Jamison T. Conrad's Motion to Set Aside Default Judgment [Docket 9], Defendant Jamison T. Conrad's Motion to Dismiss [Docket 10], Plaintiff Safeco Insurance Company of America's ("Safeco") Motion for Entry of Default Judgment Against Defendant Underwood [Docket 17], and Defendant Michael D. Underwood's Motion to Set Aside Default [Docket 19]. For the reasons provided below, Defendant Jamison T. Conrad's Motion to Dismiss [Docket 10] is **GRANTED** for lack of subject matter jurisdiction. Therefore, the remaining motions are **DENIED as moot**.

     **I.**       **Background**

       The plaintiff, Safeco, filed a complaint for declaratory relief on September 9, 2014, seeking declaratory relief regarding its rights and obligations under insurance policies issued to the defendants, Mr. Conrad and Mr. Underwood, for claims currently pending against them. (Compl. [Docket 1]). On January 1, 2014, the defendants were involved in a physical altercation with John C. Scott. (*Id.* ¶ 9). Criminal charges were filed and on March 7, 2014, Mr. Scott also filed a civil complaint against the defendants alleging assault, battery, malicious wounding,

wanton endangerment, and concealment. (*Id.* ¶¶ 9-10; *see also Scott v. Underwood and Conrad*, Civ. Act. No. 14-C-483). Mr. Scott seeks both compensatory and punitive damages from the defendants. (*Id.* ¶ 15). Both of the defendants are insured under homeowner policies issued by Safeco. (*Id.* ¶¶ 16-17). These policies expressly exclude coverage "for any violations of criminal law committed by, or with the knowledge or consent of the insured, whether or not the insured is charged or convicted of a violation of criminal law." (*Id.* ¶¶ 33, 42). Accordingly, Safeco argues that it has no duty to defend or indemnify the defendants in the underlying action brought by Mr. Scott.

Because the defendants failed to answer by October 20, 2014, the clerk filed an Entry of Default [Docket 8]. In response to this Entry, Mr. Conrad filed both a Motion to Set Aside Default Judgment [Docket 9] and a Motion to Dismiss [Docket 10]. Safeco filed a Motion for Entry of Default Judgment Against Defendant Underwood [Docket 17] on November 11, 2014, and Mr. Underwood filed a Motion to Set Aside Default Judgment [Docket 19] on November 13, 2014.

**II.** **Standard of Review**

The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, permits a federal court to issue a declaratory judgment in a "case or controversy within [the court's] jurisdiction." Such relief "is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotation marks omitted). The Act authorizes a cause of action

2

only; the federal court must be satisfied that it possesses an independent basis for subject matter jurisdiction.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Furthermore, the court may raise issues of subject matter jurisdiction *sua sponte*, regardless of whether the parties have contested the availability of federal jurisdiction.[1] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010). Federal jurisdiction here is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." Because the plaintiff is a corporate citizen of New Hampshire and Massachusetts and the defendants are both residents of West Virginia, diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a)(1). Still, the court must determine whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Courts in this district have adopted the preponderance of the evidence standard for determining whether the amount in controversy exceeds $75,000. *See, e.g.*, *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001); *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). Thus, the plaintiff bears the burden of proving by the preponderance of the evidence that the amount in controversy in the case exceeds $75,000. To do so, the plaintiff "must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Sayre*, 32 F. Supp. 2d at 886.

**III. Discussion**

---

[1] Defendant Conrad has moved to dismiss for lack of subject matter jurisdiction. However, Defendant Underwood has not presently moved to dismiss the case. Regardless, my decision to dismiss applies equally to both defendants.

3

Mr. Conrad argues that the plaintiff has failed to provide any proof that the amount in controversy exceeds $75,000 and that "SAFECO's reliance on an 'estimate' of costs of defense and indemnification for Jamison T. Conrad in [the] *Scott* case does not satisfy the § 1332 requirements." (Reply to Resp. by Safeco in Opp. to Def.'s Mot. to Dismiss [Docket 18], at 5). The plaintiff contends that based on the allegations in *Scott*—severe permanent physical injuries, emotional distress, loss of income, medical costs, and other harms—"[i]t is more than reasonable for Safeco to expect and estimate that the cost of defense and indemnification for Defendant in the *Scott* case will exceed $75,000." (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss [Docket 13], at 5). Although I agree with the plaintiff that "[i]n actions seeking declaratory . . . relief, it is well established that the amount in controversy is measured by the value of the object of the litigation," this recitation of the law is not sufficient to save the plaintiff's case.

In *Scott*, the Complaint does not request a specific amount of damages. "If not specified in the complaint, the amount in controversy must be determined on the likely monetary relief that may be grated to a plaintiff if he succeeds on all of his claims asserted in good faith." *Burdette v. ReliaStar Life Ins. Co.*, No. 2:06-0210, 2006 WL 1644234, at *1 (S.D. W. Va. June 12, 2006). When determining the amount in controversy, courts often consider the seriousness and nature of the plaintiff's alleged injuries, along with medical costs. S*ee Elliott v. Wal-Mart Stores, Inc.*, No. 5:08-cv-30, 2008 WL 2544650, at *2 (N.D. W. Va. June 23, 2008); *McCormick v. Apache, Inc.*, No. 5:09-cv-49, 2009 WL 2985470, at *3 (N.D. W. Va. Sept. 15, 209). The court is also free to consider the "entire record before it and make an independent evaluation of whether the amount in controversy is satisfied." *Burdette*, 2006 WL 1644234, at *1 (citing *Sayre*, 32 F. Supp. 2d at 886 (internal quotation marks omitted)).

4

Mr. Scott's Complaint alleges that the defendants' actions resulted in "severe physical injuries which are permanent or lasting in nature," which the plaintiff has and will continue to pay for. (Scott Compl. [Docket 1-1], at 2 (alleging also "injury to his emotional well being, pain and suffering, annoyance and inconvenience, lost income, loss of enjoyment of day to day activities and other harm")). These allegations are insufficient proof that the amount in controversy exceeds $75,000. Any estimation of damages is speculative at this time. *See Elliott v. Tractor Supply Co.*, No. 5:14CV88, 2014 WL 4187691, at *3 (N.D. W. Va. Aug. 21, 2014). Allegations of possible permanent injuries, future damages, attorneys' fees and the like, cannot satisfy the plaintiff's burden of establishing that the amount in controversy has been met. *Id.* Therefore, this court cannot find that the plaintiff has met its burden of proof as to the amount in controversy based solely on the allegations in the *Scott* Complaint.

### IV. Conclusion

Thus, the court **FINDS** that the plaintiff has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Defendant Jamison T. Conrad's Motion to Dismiss [Docket 10] is **GRANTED** for lack of subject matter jurisdiction, and the remaining motions are **DENIED as moot**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 4, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE